**No. 26-10747**

# In the United States Court of Appeals for the Fifth Circuit

Motorola Mobility, L.L.C.; Motorola Mobility International Sales, L.L.C.; Lenovo (Deutschland) GMBH; Motorola Mobility Germany GMBH,

*Plaintiffs-Appellees,*

v.

Advanced Standard Communication, L.L.C.,

*Defendant-Appellant*.

**On Appeal from**

United States District Court for the Northern District of Texas

3:25-mc-00088-B-BK

# BRIEF OF APPELLANT ADVANCED STANDARD COMMUNICATION, L.L.C.

---

SUBMITTED BY:

*/s/ Mark L. Johansen*

Mark L. Johansen
**BLANK ROME LLP**
200 Crescent Court, Suite 1000
Dallas, Texas 75201
Phone: (972) 850-1450

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Lenovo (Deutschland) GMBH | Matthew Shapiro of Sheppard Mullin Richter & Hampton, L.L.P. New York, NY |
| Lenovo (Deutschland) GMBH | Jennifer Ayers of Sheppard Mullin Richter & Hampton, L.L.P. Dallas, TX |
| Lenovo (Deutschland) GMBH | Ryan Brunner of Sheppard Mullin Richter & Hampton, L.L.P. Washington, DC |
| Motorola Mobility Germany GMBH | Matthew Shapiro of Sheppard Mullin Richter & Hampton, L.L.P. New York, NY |
| Motorola Mobility Germany GMBH | Jennifer Ayers of Sheppard Mullin Richter & Hampton, L.L.P. Dallas, TX |
| Motorola Mobility Germany GMBH | Ryan Brunner of Sheppard Mullin Richter & Hampton, L.L.P. Washington, DC |
| Motorola Mobility International Sales, L.L.C. | Matthew Shapiro of Sheppard Mullin Richter & Hampton, L.L.P. New York, NY |
| Motorola Mobility International Sales, L.L.C. | Jennifer Ayers of Sheppard Mullin Richter & Hampton, L.L.P. Dallas, TX |
| Motorola Mobility International Sales, L.L.C. | Ryan Brunner of Sheppard Mullin Richter & Hampton, L.L.P. Washington, DC |
| Motorola Mobility, L.L.C. | Matthew Shapiro of Sheppard Mullin Richter & Hampton, L.L.P. New York, NY |
| Motorola Mobility, L.L.C. | Jennifer Ayers of Sheppard Mullin Richter & Hampton, L.L.P. Dallas, TX |
| Motorola Mobility, L.L.C. | Ryan Brunner of Sheppard Mullin Richter & Hampton, L.L.P. Washington, DC |

| Appellants: | Counsel for Appellants: |
|---|---|
| Advanced Standard Communication, L.L.C. | Mark L. Johansen of Blank Rome, L.L.P. Dallas, TX |
| Advanced Standard Communication, L.L.C. | David M. Clem of Blank Rome, L.L.P. Dallas, TX |
| Advanced Standard Communication, L.L.C. | Peter Lambrianakos of Fabricant, Rubino & Lambrianakos, LLP Rye, NY |
| Advanced Standard Communication, L.L.C. | Clark Gordon of Fabricant, Rubino & Lambrianakos, LLP Irvine, CA |
| Advanced Standard Communication, L.L.C. | Neakzaad (Neak) Horriat of Blank Rome, L.L.P. Dallas, TX |
| Advanced Standard Communication, L.L.C. | Ryan Oliver of Fabricant, Rubino & Lambrianakos, LLP Rye, NY |

| Other Interested Parties: | Connection and Interest: |
|---|---|
| Longford Capital Fund III, LP | Listed in Appellant's certificate (Doc. 20-1) |
| Lenovo Group Limited | Ultimate parent of each Appellee (Doc. 9-1) |
| Motorola Mobility Holdings LLC | Parent of Motorola Mobility, L.L.C. and Motorola Mobility Germany GmbH (Doc. 9-1) |
| Legend Holdings Corporation | Owns more than 10% of Lenovo Group Limited (Doc. 9-1) |
| Alat Technologies Company | Owns more than 10% of Lenovo Group Limited (Doc. 9-1) |
| BlackRock, Inc. | Substantial interest, less than 10%, in Lenovo Group Limited (Doc. 9-1) |
| JPMorgan Chase & Co. | Substantial interest, less than 10%, in Lenovo Group Limited (Doc. 9-1) |

*/s/ Mark L. Johansen*
Attorney of Record for Appellant
Advanced Standard Communication, L.L.C.

## STATEMENT REGARDING ORAL ARGUMENT

The Court has calendared this appeal for oral argument on October 6, 2026. ASC respectfully submits that argument will assist the Court. The appeal concerns the legal standard that governs at least the second *Intel* factor, the weight a district court may give a foreign tribunal's ruling on a request for the same documents, and a question this Court has identified but not decided: whether a magistrate judge's disposition of an application under 28 U.S.C. § 1782 is a dispositive matter that the district judge must determine de novo.

# TABLE OF CONTENTS

Contents Page(s)

CERTIFICATE OF INTERESTED PERSONS ..................................................... i

STATEMENT REGARDING ORAL ARGUMENT ........................................... iii

TABLE OF CONTENTS........................................................................... iv

TABLE OF AUTHORITIES ................................. **Error! Bookmark not defined.**

JURISDICTIONAL STATEMENT .........................................................................1

STATEMENT OF THE ISSUES...........................................................................1

STATEMENT OF THE CASE..............................................................................2

I. The foreign proceedings and Motorola's application.....................................2

II. The UPC's ruling on Motorola's request for the same documents.............3

III. The magistrate judge's order.........................................................................4

SUMMARY OF THE ARGUMENT ......................................................................5

ARGUMENT .........................................................................................................6

I. Standard of Review.............................................................................................6

II. The district court erred in resolving the second *Intel* factor in favor of granting the application because it applied the wrong standard............................6

III. The district court erred in finding that the third *Intel* factor favored granting the application ....................9

A. The court's reasons for setting aside the UPC's ruling fail....................9

B. Neither court addressed Motorola's own admissions....................10

C. The district court adopted a finding based on the false premise that the UPC had not rejected Applicants' discovery request ....................11

IV. The district court erred in finding that the fourth *Intel* factor favored granting the application because it considered whether the requests are unduly intrusive or burdensome ....................12

V. Alternatively, the order should be vacated because the district judge did not determine the application de novo ....................13

CONCLUSION....................15

CERTIFICATE OF SERVICE ....................17

CERTIFICATE OF COMPLIANCE....................18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Key Patent Innovations, Ltd.*,
No. 25-40802, slip op. (5th Cir. June 30, 2026) (unpublished)......................6, 15

*Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*,
55 F.4th 469 (5th Cir. 2022) ........................................................................*passim*

*Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*,
978 F.3d 968 (5th Cir. 2020) ........................................................................1, 14

*Banco Mercantil de Norte, S.A. v. Paramo*,
114 F.4th 757 (5th Cir. 2024) ......................................................................11, 12

*Candel & Partners SAS v. ExxonMobil Corp.*,
No. 25-20366, 2026 WL 2126863 (5th Cir. July 23, 2026)
(unpublished) ...........................................................................................7, 10, 12

*Davidson v. Ga.-Pac., L.L.C.*,
819 F.3d 758 (5th Cir. 2016) ........................................................................6, 14

*Ecuadorian Plaintiffs v. Chevron Corp.*,
619 F.3d 373 (5th Cir. 2010) ..............................................................................7

*EEOC v. BDO USA, L.L.P.*,
876 F.3d 690 (5th Cir. 2017) ....................................................................6, 8, 14

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004).....................................................................................*passim*

*Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*,
694 F.3d 548, 552 (5th Cir. 2012) ......................................................................1

*United States v. First Nat'l Bank of Atlanta*,
628 F.2d 871 (5th Cir. 1980) ......................................................................14, 15

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) (en banc) ..............................................................6

*In re Xiaomi Inc.*,
No. 3:25-mc-71-K-BN, 2026 WL 2164710, at *1 (N.D. Tex. June 15, 2026), *R. & R. adopted*, 2026 WL 2162462, at *1 (N.D. Tex. July 27, 2026) .......... 14

**Statutes**

28 U.S.C. § 636(b)(1)(A)–(C) .......... 14

28 U.S.C. § 1291 .......... 1

28 U.S.C. § 1331 .......... 1

28 U.S.C. § 1782 .......... *passim*

28 U.S.C. § 1782(a) .......... 7, 9, 13

**Other Authorities**

5th Cir. R. 28.2.1 .......... i

5th Cir. R. 32.1 .......... 19

5th Cir. R. 32.1 and 32.2 .......... 19

Fed. R. App. P. 4(a)(1)(A) .......... 1

Fed. R. App. P. 32(a)(5) .......... 19

Fed. R. App. P. 32(a)(6) .......... 19

Fed. R. App. P. 32(a)(7)(B) .......... 19

Fed. R. App. P. 32(f) .......... 19

Fed. R. Civ. P. 72(a) .......... 5, 6, 15

Fed. R. Civ. P. 72(b) .......... 6, 14, 15

Fed. R. Civ. P. 72(b)(3) .......... 15

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331 because the application arises under 28 U.S.C. § 1782. *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 552 (5th Cir. 2012). In a Memorandum Opinion and Order entered July 28, 2026, the district court overruled ASC's objections and adopted the magistrate judge's order granting the application. ROA.408. ASC noticed this appeal on August 4, 2026. ROA.409-410; Fed. R. App. P. 4(a)(1)(A).

This Court has jurisdiction under 28 U.S.C. § 1291 and reviews § 1782 orders under the collateral-order doctrine. *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 972-973 (5th Cir. 2020) ("*Banca Pueyo I*"). The order on appeal is conclusive: it determined that § 1782 assistance is warranted and authorized a subpoena "in the form" attached to the application. ROA.408, 217.

## STATEMENT OF THE ISSUES

Whether the district court erred by adopting the magistrate judge's order granting Motorola's § 1782 application and authorizing a subpoena to ASC in the form attached to the application, and in particular:

1. Whether the district court abused its discretion by resolving the second *Intel* factor on the sole ground that ASC had not supplied "authoritative proof" that the foreign tribunals would reject the evidence, a requirement this Court has not adopted for that factor, notwithstanding the Unified Patent Court's own

ruling on the same Patent Purchase Agreement;

2. Whether the district court abused its discretion in finding that the third *Intel* factor favored the application, by treating the Unified Patent Court's dismissal of Motorola's own request for the same documents as immaterial;

3. Whether the district court abused its discretion in finding that the fourth *Intel* factor favored the application without examining any specific discovery request; and

4. Whether the district court had to determine the application de novo because a § 1782 application is a dispositive matter.

## STATEMENT OF THE CASE

As the Clerk's letter of September 21, 2026 permits, ASC incorporates its district-court filings on the application and on its objection. ROA.119-137, 138-160, 190-194, 195-201, 235-249, 365-374.

### I. The foreign proceedings and Motorola's application

ASC, a patent-licensing company in Garland, Texas, acquired patents from ZTE Corporation under a Patent Purchase Agreement ("PPA"). ROA.37, 64. In 2025, ASC filed three patent infringement actions against Motorola in Europe, each alleging infringement of one European patent: one action before the Unified Patent Court ("UPC") and two before Munich District Court I. ROA.37-38. Motorola asserts as a defense that ASC's license offers were not fair, reasonable, and non-

discriminatory ("FRAND"). ROA.41-42.

On December 11, 2025, Motorola applied under § 1782 to subpoena five categories of documents from ASC: (1) the "complete unredacted" PPA with all exhibits, side letters, side agreements, and drafts; (2) "any technical analysis" of the acquired patents, including "infringement or validity assessments"; (3) financial valuations of the patents; (4) license agreements; and (5) documents identifying "each source of funding that ASC has." ROA.62. Motorola's declarant, its counsel abroad, stated that only the PPA request had "any realistic possibility of being granted by the UPC," and that "neither the UPC nor the German courts would grant Applicants' other requests." ROA.48.

ASC opposed Motorola's application on each *Intel* factor, supported by the declaration of its counsel abroad, on the basis that: the foreign courts can order ASC, a party before them, to produce documents; purchase agreements are "generally not directly relevant for a FRAND assessment"; and the technical analyses are "not eligible for production." ROA.129-135, 141-144; *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).

## II. The UPC's ruling on Motorola's request for the same documents

On January 12, 2026, Motorola asked the UPC to order ASC to produce the documents Request 1 seeks, *i.e.*, the unredacted PPA with its exhibits, side letters, side agreements, and drafts. ROA.148-150.

On April 21, 2026, the UPC dismissed the request as "unfounded." ROA.199. Motorola's explanation of its need was "extremely vague," and it was "highly doubtful whether the Defendants can draw any reliable conclusions regarding a reasonable licence [sic] from the purchase price at all." ROA.201.

## III. The magistrate judge's order

On May 15, 2026, the magistrate judge granted the application by order. ROA.208-217. The order found the first *Intel* factor, which asks whether the person from whom discovery is sought participates in the foreign proceeding and so is within the foreign tribunal's own power to order production, neutral as to the UPC, which had "yet to demonstrate that it is unlikely to allow Applicants' discovery request," but favorable as to the German proceedings. ROA.212-214. It found the other three factors favorable: the second, which concerns the nature of the foreign tribunal and proceedings and the tribunal's receptivity to U.S. judicial assistance; the third, which asks whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and the fourth, which asks whether the request is unduly intrusive or burdensome. ROA.214-217; *see Intel*, 542 U.S. at 264–65. Its only citations to the parties' filings are to Motorola's application papers. ROA.208-217. The order does not cite or discuss the UPC's ruling, ASC's response, or ASC's declaration. ROA.208-217.

ASC objected, arguing that a § 1782 application is a dispositive matter requiring de novo determination and that the order rested on a premise that the UPC's ruling disproved. ROA.241-247. The district court overruled the objection under Rule 72(a) without addressing ASC's argument for de novo review. ROA.404-408. The court found that the first *Intel* factor weighs against Motorola's application as to the UPC proceeding. ROA.406-407. It agreed with the magistrate judge on the remaining factors and adopted the order. ROA.407-408.

## SUMMARY OF THE ARGUMENT

Before either court below ruled, the foreign tribunal had spoken: the UPC had dismissed as unfounded Motorola's request for the unredacted PPA. The district court then authorized a subpoena for the same PPA document and for four further categories that Motorola's own declarant said no foreign court would order.

With the first *Intel* factor weighing against Motorola as to the UPC, that order rests on the other three factors, each resolved in error. The court resolved the second factor under an "authoritative proof" requirement that this Court has not adopted for that factor, and notwithstanding the UPC's ruling denying production of the same PPA. It resolved the third factor by treating that ruling as immaterial, leaving Motorola's own admissions unaddressed, and by agreeing with the magistrate judge that incorrectly characterized the UPC's willingness to compel the requested discovery as hypothetical. It superficially resolved the fourth factor on the

subpoena's "face" without considering the breadth or burdensomeness of the requests. And it reviewed the magistrate judge's order under Rule 72(a) rather than de novo under Rule 72(b), even though an order resolving a § 1782 application is dispositive of the entire federal proceeding.

## ARGUMENT

### I. Standard of Review

This Court reviews the weighing of the *Intel* factors for abuse of discretion. *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 473 (5th Cir. 2022) ("*Banca Pueyo II*"). A district court abuses its discretion if it relies on clearly erroneous factual findings or erroneous conclusions of law or misapplies the law to the facts. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc). Whether the court applied the correct legal standard, and whether a magistrate judge's ruling was dispositive, are reviewed de novo. *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697–98 (5th Cir. 2017); *Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758, 762–63 (5th Cir. 2016); *Apple Inc. v. Key Patent Innovations, Ltd.*, No. 25-40802, slip op. at 5–6 (5th Cir. June 30, 2026) (unpublished).

### II. The district court erred in resolving the second *Intel* factor in favor of granting the application because it applied the wrong standard

The second *Intel* factor concerns "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."

*Intel*, 542 U.S. at 264. The district court's analysis of that factor was a single proposition: "there is still no 'authoritative proof that a foreign tribunal would reject evidence because of a violation of [an] alleged [foreign] privilege.'" ROA.407. (quoting *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010)). The magistrate judge had added that the party opposing discovery "bears the burden of proving that the foreign tribunal would not be receptive to the evidence." ROA.215.

The district court misapplied the holding in *Ecuadorian Plaintiffs*. The quoted "authoritative proof" standard was applied by this Court to the question of whether Ecuadorian law supplied a *privilege* that shielded the material from discovery under § 1782(a). *Id.* at 377–78. This standard is not used to evaluate any *Intel* factor. 619 F.3d at 376–77.

This Court confirmed this reading of *Ecuadorian Plaintiffs* days before the district court ruled: "we did not adopt an 'authoritative proof' requirement in *Ecuadorian Plaintiffs*," and "[o]ur precedent has not adopted such a requirement when assessing whether the foreign tribunal would be receptive to assistance from a U.S. federal court." *Candel & Partners SAS v. ExxonMobil Corp.*, No. 25-20366, 2026 WL 2126863, at *3 & n.3 (5th Cir. July 23, 2026) (unpublished). This Court has "take[n] no position" on the burden of proof for the discretionary factors and has observed that "the applicant must either carry its burden or at least provide sufficient

support to persuade the court." *Banca Pueyo II*, 55 F.4th at 475 & n.8.

The district court's legal error determined the outcome on this factor. The absence of "authoritative proof" ended the inquiry, and neither court weighed what the record showed. But the UPC, the tribunal whose receptivity was at issue, had already rejected an application seeking production of the PPA, finding it "highly doubtful" that Motorola could draw "any reliable conclusions" from the purchase price. ROA.201. So even if such authoritative proof were required—which it is not—that ruling supplied it as to the PPA, as ASC argued below. ROA.245. The district court's only answer was that the ruling did not show rejection because of a foreign privilege, which was not asserted by ASC. ROA.407. Motorola's response below, that unwillingness to compel production says nothing about willingness to receive evidence ignores that the UPC declined to order production precisely because it was unwilling to receive irrelevant evidence. ROA.261. Further, *Banca Pueyo II* reversed where the respondent offered foreign-law evidence on the second factor and the district court "never took that into consideration." 55 F.4th at 476.

Nor was the error confined to the PPA. The magistrate judge applied the requirement to "the evidence sought in this application" as a whole, as did the district court. ROA.215, 407. Where a district court adopts a magistrate judge's order that applies an incorrect legal standard, and the error "may have affected" the analysis, this Court vacates and remands. *BDO*, 876 F.3d at 697–99.

## III. The district court erred in finding that the third *Intel* factor favored granting the application

### A. The court's reasons for setting aside the UPC's ruling fail

The third *Intel* factor asks whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country." *Intel*, 542 U.S. at 265. The UPC's ruling on the same documents bears directly on that question, but the district court set it aside for two reasons that *Intel* does not support: that the UPC "can simply reject the fruit of any section 1782(a) discovery," and that ASC's reliance on the ruling "takes the analysis of [factor three] down to a level of granularity that *Intel* doesn't support—and turns this into something akin to non-mutual collateral estoppel." ROA.407 (quotations omitted).

*Intel* supports that level of granularity. There, the Court held that § 1782(a) does not "categorically bar" discovery of documents that would not be discoverable in the foreign jurisdiction, but it stated that the grounds urged for such categorical limits "may be relevant in determining whether a discovery order should be granted in a particular case," and that comity and parity "may be important as touchstones for a district court's exercise of discretion in particular cases." 542 U.S. at 253, 259, 261, 264. A foreign tribunal's ruling on a request for the same documents is direct evidence of how that tribunal's proof-gathering rules apply to them, and this Court treats such rulings as relevant. It recently affirmed an order quashing a § 1782 subpoena where the district court found circumvention by "referencing [the

applicant's] unsuccessful attempts to obtain the same information in the French proceedings." *Candel*, 2026 WL 2126863, at *2. And it has observed that requests that "largely overlap requests made, but subjected to redactions and objections," abroad "suggest the possibility that . . . appellees' object here is to obtain unredacted copies of that which may be protected by law" in the foreign proceedings. *Banca Pueyo II*, 55 F.4th at 476. Motorola's § 1782 request fails here for the same reason.

The non-mutual collateral-estoppel analogy misdescribes the argument. ASC did not argue that the UPC's order binds Motorola—it argued that the order is evidence of how the UPC applies its proof-gathering rules to these documents, and *Intel* makes that evidence relevant whoever the applicant is. ROA.246. Nor is it an answer that the UPC can reject the evidence. What the UPC declined to order was disclosure of the PPA's terms to Motorola, ASC's adversary in the proceedings for which the discovery is sought. Once ASC produces the PPA under the subpoena, that disclosure has occurred, and a later ruling by the UPC excluding the document cannot undo it.

**B. Neither court addressed Motorola's own admissions**

Neither order discusses Motorola's own statements on this factor. Motorola told the UPC that it filed the § 1782 application "to obtain documents they cannot specify with sufficient precision for R. 190 purposes." ROA.150. Its declarant had likewise stated that neither the UPC nor the German courts would grant Requests 2

through 5, which "do not specify particular requested documents." ROA.48. Both statements describe the same circumvention: the foreign courts require specificity that Motorola cannot supply, and it filed the § 1782 application to obtain the documents without it. And Motorola told the magistrate judge that the UPC's denial "reinforces the need for Section 1782 relief." ROA.203. The opposite is true. ASC is a party before the UPC, which examined Motorola's showing and found it wanting. ROA.199-201. What Motorola calls a need for § 1782 relief is a request squarely aimed at circumventing the UPC's proof-gathering restrictions. A district court "cannot neglect the analysis of § 1782 issues" that a respondent presents, and it abuses its discretion when it does not consider the respondent's "arguments and evidence" on the *Intel* factors. *Banco Mercantil de Norte, S.A. v. Paramo*, 114 F.4th 757, 762 (5th Cir. 2024); *Banca Pueyo II*, 55 F.4th at 476.

### C. The district court adopted a finding based on the false premise that the UPC had not rejected Applicants' discovery request

The magistrate judge's analysis rested on the premise that Motorola's UPC request was "hypothetical" and that the UPC "ha[d] yet to demonstrate that it is unlikely to allow Applicants' discovery request." ROA.214. Both parties had told the magistrate judge weeks earlier, however, that the UPC had ruled and rejected the discovery request. ROA.191-192, 203-204. The district court recognized as much when it found that the first factor weighs against Motorola as to the UPC "because the UPC in fact entertained Motorola's discovery request and ruled on it." ROA.407.

It nevertheless "agree[d] with the reasoning provided within the Memorandum Order" and adopted that order. ROA.408. Nor did the district court explain how the balance comes out with the first factor now weighing against Motorola, or how the finding that nothing suggests the discovery "is beyond what the UPC itself would allow" survives a UPC ruling that declined to allow it. ROA.216 (quotation omitted). A district court "must offer some explanation" of a § 1782 ruling, specific enough "to enable meaningful appellate review." *Paramo*, 114 F.4th at 762; *Candel*, 2026 WL 2126863, at *2 (quotation omitted). An order that adopts reasoning inconsistent with the record, and leaves the balance unstated, does not meet that standard.

## IV. The district court erred in finding that the fourth *Intel* factor favored granting the application because it considered whether the requests are unduly intrusive or burdensome

*Intel* instructs that "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. The magistrate judge found the subpoena not unduly intrusive "[o]n its face" because Motorola had "proffered a cognizable basis," had "only made five requests," and offered a protective order. ROA.216-217. Neither court specifically examined any request.

The district court erred in failing to evaluate the document requests under the applicable standard. The UPC found Motorola's showing for the PPA "extremely vague," and Request 1 reaches beyond the PPA to "all side letters and side agreements" and "all relevant drafts." ROA.201, 62. Request 2 seeks "infringement

or validity assessments" for every patent in the 62-family portfolio ASC acquired and all related patents, not only the three asserted abroad, and on its face calls for attorney work-product. ROA.58, 62, 192, 197. Request 5 seeks documents identifying "each source of funding that ASC has." ROA.62. Motorola's stated purpose for funding information was to support requests that ASC post security for costs in the three foreign proceedings. ROA.22-23, 43-44. Each court, however, had ordered security before the magistrate judge ruled. ROA.144, 205 n.4. Motorola told the magistrate judge that the documents remained relevant "until the UPC court rules on the security request." ROA.174. The UPC ruled on April 24, 2026. ROA.205 n.4.

Further, the number of requests and the offer of a protective order do not address whether any request is unduly intrusive in light of "the transnational litigation factors expressed in *Intel*." *Banca Pueyo II*, 55 F.4th at 476. And this Court has vacated where "there is no record evidence that the district court analyzed the factors" bearing on burden or "endeavor[ed] to modify the subpoenas." *Tex. Keystone*, 694 F.3d at 556.

## V. Alternatively, the order should be vacated because the district judge did not determine the application de novo

No Article III judge has weighed the *Intel* factors on this record. The magistrate judge weighed them, and the district judge asked only whether the order was "clearly erroneous or contrary to law." ROA.212-217, 404-408. Section 1782(a) vests the power to order discovery in "[t]he district court." A magistrate judge may

"hear and determine" a "pretrial matter pending before the court"; other matters proceed on a recommendation, and the district judge "shall make a de novo determination" of any part to which a party objects. 28 U.S.C. § 636(b)(1)(A)–(C). A § 1782 application is not pretrial to anything in the district court. It is a matter "in which discovery is everything." *Banca Pueyo I*, 978 F.3d at 972–73.

This Court treats analogous stand-alone proceedings as dispositive. For example, a subpoena-enforcement action with no underlying case pending "was a dispositive matter triggering Federal Rule of Civil Procedure 72(b)." *BDO*, 876 F.3d at 694 n.1. A magistrate's order "purporting to enforce" an IRS summons, a power the Code reserves to the district courts, was sustained only because the district court had "made a de novo determination." *United States v. First Nat'l Bank of Atlanta*, 628 F.2d 871, 873 (5th Cir. 1980). *Davidson* calls for "a narrow reading of the matters in which a magistrate judge may enter orders without de novo Article III review" and held a remand order dispositive because it "is dispositive insofar as proceedings in the federal court are concerned." 819 F.3d at 763–64 (quotation omitted). In the parallel proceeding for the same PPA, the magistrate judge treated the application as dispositive, and the district judge reviewed ASC's objections de novo. *In re Xiaomi Inc.*, No. 3:25-mc-71-K-BN, 2026 WL 2164710, at *1 (N.D. Tex. June 15, 2026), *R. & R. adopted*, 2026 WL 2162462, at *1 (N.D. Tex. July 27, 2026). This Court has recently recognized that its review of an order adopting a

magistrate judge's § 1782 ruling "turns on whether the initial ruling was dispositive or non-dispositive," but left the question open. *Apple*, slip op. at 5–8.

ASC raised the point, and the district court did not address it. ROA.242-243. The district court applied what it called "a highly deferential standard [that] requires the court to affirm" absent "a definite and firm conviction that a mistake has been committed." ROA.405 (alteration in original). Rules 72(a) and 72(b) treat questions of law alike but differ in who does the weighing. Under Rule 72(b)(3) the district judge "must determine de novo" the disposition objected to, which for a § 1782 application means exercising the statute's discretion independently. Here the district judge changed the first-factor *Intel* finding but left the weighing to the magistrate judge. ROA.406-408. Thus, ASC has not "received the substantial equivalent of what the statute requires." *First Nat'l Bank*, 628 F.2d at 873.

## CONCLUSION

The Court should reverse the district court's Memorandum Opinion and Order (ROA.403-408) and remand with instructions to deny the application. At minimum, and in the alternative, it should vacate and remand for the district judge to determine the application de novo, under the correct legal standards and on the full record.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Mark L. Johansen*
David Clem
State Bar No. 24050428
Mark L. Johansen
State Bar No. 10670240
Neakzaad (Neak) Horriat
State Bar No. 24116536
**BLANK ROME LLP**
200 Crescent Court, Suite 1000
Dallas, Texas 75201
Phone: (972) 850-1450
Email: mark.johansen@blankrome.com
Email: neak.horriat@blankrome.com

Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@frlip.com
Ryan Oliver
TX Bar No. 24132132
Email: roliver@frlip.com
**Fabricant, Rubino & Lambrianakos LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Clark Gordon
CA Bar No. 306317
Email: cgordon@frlip.com
**Fabricant, Rubino & Lambrianakos LLP**
19800 MacArthur Boulevard, Suite 300
Irvine, CA 92612

Counsel for Appellant
Advanced Standard Communication, L.L.C.

# CERTIFICATE OF SERVICE

I certify that on September 25, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, which will send notice of the filing to all counsel of record, who are registered CM/ECF users.

*/s/ Mark L. Johansen*
Mark L. Johansen

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), and with the 15-page limit stated in the Clerk's letter of September 21, 2026, because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.1 and 32.2, this document contains 3,564 words and does not exceed 15 pages.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman, with footnotes in 12-point Times New Roman.

*/s/ Mark L. Johansen*
Mark L. Johansen